UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARYN SCHERER,

    Plaintiff,

-vs-

JAMES MOORE, in his individual capacity,
NICHOLAS MCCABE, in his individual capacity,
MICHAEL GOETZ, and KAILEE SCHUETT,
in their individual capacity, jointly and severally.

    Defendants.

Case No:
Hon.

_____

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, TARYN SCHERER, by and through her attorney, BEN GONEK LAW, P.C., and for her Complaint and Jury Demand, states as follows:

## JURISDICTION AND PARTIES

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331. This is proceeding pursuant to 42 U.S.C. § 1983 to redress the violations of rights and liberties guaranteed to Plaintiff by the United States Constitution.

2. Plaintiff TARYN SCHERER (hereinafter "Plaintiff") is a resident of Washtenaw County, Michigan.

1

3. Upon information and belief, Defendant JAMES MOORE is a resident of the State of Michigan, and at all times relevant to this complaint, was employed by the Michigan State Police as a law enforcement officer.

4. Upon information and belief, Defendant NICHOLAS MCCABE is a resident of the State of Michigan and at all times relevant to this complaint, was employed by the Michigan State Police as a law enforcement officer.

5. Upon information and belief, Defendant MICHAEL GOETZ is a resident of the State of Michigan and at all times relevant to this complaint, was employed by the Michigan State Police as a law enforcement officer.

6. Upon information and belief, Defendant KAILEE SCHUETT is a resident of the State of Michigan, County of Livingston and at all times relevant to this complaint, was employed by the Michigan State Police as a law enforcement officer

7. At all times relevant to this cause of action Defendants MOORE, MCCABE, GOETZ and SCHUETT were acting under color of law.

8. All events alleged in this Complaint occurred in Washtenaw County, Michigan.

9. All of the individually named Defendants are being sued in their individual capacities.

10. The named Defendants, MOORE, MCCABE, GOETZ, and SCHUETT are not entitled to the defense of qualified immunity as they intentionally violated Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

11. This Court has proper jurisdiction over all parties, and the amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of costs and fees.

12. Plaintiff was married to John Scherer, although they divorced before his death, both Plaintiff and John Scherer had an amicable relationship.

13. In fact, John Scherer had named Plaintiff as the Personal Representative of his estate and trust.

14. John Scherer passed away on or about April 9, 2018.

15. Plaintiff then retained a probate attorney to commence probate proceedings to administer John Scherer's estate. Probate proceedings were initiated, and Plaintiff was named Personal Representative of the Estate. Letters of Authority were issues authorizing Plaintiff to take control of the assets of Mr. Scherer's estate.

16. During the month of April 2018, Plaintiff took control of monies in a bank account belonging to Mr. Scherer. The account that Plaintiff took control over was an asset of the estate for which Plaintiff was required to take possession and control over. Although Mr. Scherer's sister, Janice Lubkin was a signature on the account, the account did not contain any monies that belonged to Ms. Lubkin.

17. Ms. Lubkin subsequently filed a Petition for statutory conversion against Plaintiff in the probate matter relating to the funds Plaintiff properly took possession of from Mr. Scherer's bank account.

18. The Probate Court subsequently entered an order requiring that Plaintiff provide those funds to her attorney for the purpose of being placed in his IOLTA account. On July 23, 2018, those monies were placed inn the Personal Representative's attorney IOLTA account.

19. On July 11, 2018, Ms. Lubkin made a report with the Michigan State Police that Plaintiff embezzled the funds taken from Mr. Scherer's account. Ms. Lubkin told the Michigan State Police, namely Defendants Moore, McCabe and Goetz that she wanted the monies returned. Upon information and belief, Ms. Lubkin did not tell Defendants Moore, McCabe, and Goetz that there were Probate court proceedings pending to determine the ownership of the monies.

20. On July 13, 2018, Defendants Moore and McCabe had follow up contact with the Ms. Lubkin who advised these Defendants at that time of the pending probate litigation. Defendants Moore and McCabe called Plaintiff and Plaintiff directed them to her attorney James Fink to answer any questions about the pending probate litigation.

4

21.     Defendants Moore/McCabe did not bother calling Mr. Fink to find out the status of the pending probate litigation nor did they every obtain a copy of the probate court file during their investigation.

22.     Defendants Moore/McCabe cause search warrants to be executed seizing Mr. Scherer's bank records.  Defendants Moore/McCabe then cause false police reports to be prepared indicating those monies from Mr. Scherer's bank accounts were transferred to Cross Properties LLC.

23.     Defendants Moore/McCabe/Goetz then caused a Request for a Warrant to be presented to the Shiawassee County Prosecutor's Office charging Plaintiff with criminal offenses.

24.     The Shiawassee County Prosecutor's Office denied the warrant.

25.     Defendants Moore/McCabe/Goetz then presented the warrant request to the Washtenaw County Prosecutor's Office.  Defendants' Moore/McCabe and Goetz did not disclose to the Washtenaw County Prosecutor's Office that a Probate Judge ordered the monies taken from Mr. Scherer's bank account to be placed in Plaintiff's attorneys' IOLTA account.

26.     Upon information and belief, Defendants Moore/McCabe and Goetz omitted critical exculpatory facts which if known to the Washtenaw County Prosecutor's Officer would have resulted in the warrant request being denied.

27. Due to the omitted relevant facts and the falsehood contained in the police reports prepared by Defendants Moore, MaCabe, and Goetz, On or about December 28, 2018, a two-count felony complaint was issued against Plaintiff for Laceny -$20,000 or more, a ten-year felony, and Computer- Using to Commit a Crime, a twenty-year felony.

28. Rather than call Plaintiff to advise that a felony warrant had been issued for her arrest or call Mr. Fink, Plaintiff's attorney to advise of such, Defendant Moore, McCabe, Goetz, and Schuett went to Plaintiff's residence for the purpose of arresting her.

29. When all the Defendants arrived at Plaintiff's residence, they initially did not tell her the purpose of their visit.  Defendant Schuett took physical control of Plaintiff, slammed her body including her head into a car, and placed handcuffs on her.  Plaintiff was not resisting and/or obstructing the Police officer prior to Defendant's Schuett's battery upon Plaintiff.

30. Plaintiff was taken into custody and arraigned the next day.  A Probable Cause Conference was set for early January 2019.

31. At the Probable Cause Conference, the Washtenaw County Prosecutor's Office dismissed the charges against Plaintiff.  In fact, the Washtenaw County Prosecutor's Office later indicated in an email there was no evidence of criminality on behalf of Plaintiff.

32. Nevertheless, Defendants Moore and McCabe thereafter threatened to have Plaintiff prosecuted again. As stated above, all criminal charges were terminated in favor of the Plaintiff.

33. As pointed out above Plaintiff was the victim of a violent assault by Defendant Schuett.

34. The Probate Court made a finding that Plaintiff did nothing improper concerning the April 2018 removal of the monies from Mr. Scherer's bank account and dismissed Ms. Lubkin's claim for conversion.

## COUNT ONE

## FOURTH AMENDMENT-MALICIOUS PROSECUTION

35. Plaintiff incorporates all previously pled paragraphs.

36. As described above, Defendants Moore, McCabe, and Goetz violated Plaintiff's right to be free from criminal prosecution without probable cause said right being secured by both the Fourth and Fourteenth Amendment to the United States Constitution.

37. The aforementioned criminal proceedings were resolved in Plaintiff's favor and dismissed.

38. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among other:

    a. Seizure and loss of liberty;

  b. Psychological and emotional injury, past and future;

  c. Degradation, humiliation, mental anguish, suffering, and embarrassment;

  d. The cost of defense of defense of her criminal action and other expenses associated therewith;

  e. Loss of and damage to her reputation; and

  f. Lost wages and income.

## COUNT TWO

## FOURTH AMENDMENT- USE OF EXCESSIVE FORCE
## DEFENDANT SCHUETT

39. Plaintiff incorporates all previously pled paragraphs.

40. By using unnecessary, excessive, and brutal force against Plaintiff when there was no legal basis to do so, Defendant Schuett acted in willful and wanton disregard to Plaintiff's Fourth and Fourteenth Amendment rights under both the United States Constitution and 42 U.S.C. § 1983.

41. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among other:

  a. Seizure and loss of liberty;

  b. Psychological and emotional injury, past and future;

  c. Degradation, humiliation, mental anguish, suffering, and embarrassment;

    d.    The cost of defense of defense of her criminal action and other expenses associated therewith;

    e.    Loss of and damage to her reputation; and

    f.    Lost wages and income.

42. The individually named Defendants do not have qualified immunity for their actions as any reasonable person or police officer should have known that such actions were in violation of Plaintiff's Fourth Amendment rights conferred to her by the United States Constitution.

## RELIEF

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all Defendants:

a) A declaration that Defendants violated the federal constitutional rights of Plaintiff;

b) Compensatory damages for the aforementioned physical, emotional, and economic injuries suffered by Plaintiff by reason of Defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence;

c) Punitive and exemplary damages against the individual Defendants to the extent allowable by law;

d) Attorney fees, as allowed, pursuant to 42 U.S.C. § 1988;

e) The costs and disbursements or this action; and

f) Such other and further relief as appears just and proper.

9

## **JURY DEMAND**

Plaintiff demands a jury trial.

                                  Respectfully submitted,

                                  */s/ Ben M. Gonek*
                                  Ben M. Gonek (P43716)
                                  Ben Gonek Law, P.C.
                                  14290 Northline Road
                                  Southgate, Michigan 48195
                                  313.963.3377
                                  ben@goneklaw.com

Dated:  December 23, 2021